IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

       Plaintiff,

v.                                  No. 1:25-cv-00409-LF

EMILIO CHAVEZ, et al.,

       Defendants.

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* ORDER TO SHOW CAUSE AND FOR THIRD AMENDED COMPLAINT AND NOTICE REGARDING EMERGENCY MOTION FOR STAY

THIS MATTER comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 9, filed June 9, 2025, Plaintiff's Second Amended Complaint, Doc. 10, filed June 9, 2025, and Plaintiff's Emergency Motion for Stay or Preliminary Injunction, Doc. 11, filed June 9, 2025.

**Order Granting Motion to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,200.00; and (ii) Plaintiff's monthly expenses total $5,075.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses exceed her low monthly income.

**Order to Show Cause and for Third Amended Complaint**

The Court notified Plaintiff that her original Complaint failed to state a claim and ordered Plaintiff to file an amended complaint. *See* Order for Amended Complaint at 2, Doc. 5, filed May 2, 2025. Plaintiff subsequently filed an Amended Complaint, Doc. 6, filed May 20, 2025, and a Second Amended Complaint, Doc. 10, filed June 9, 2025.

The Second Amended Complaint asserts civil rights claims and claims pursuant to the Americans with Disabilities Act based on Defendants allegedly denying Plaintiff access to state court. Defendants are the Eighth Judicial District Court and judges and clerks of the state court. *See* Second Amended Complaint at 1. Plaintiff seeks damages for violations and appears to also seek prospective injunctive relief. *See* Second Amended Complaint at 10, 15.

It appears the Court lacks jurisdiction to hear claims for damages against the Eighth Judicial District Court, which is an arm of the State of New Mexico, and the individual Defendants in their official capacities as judicial officers.

The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce*

*of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).   But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir. 2013).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014).  There are no allegations showing that Congress has abrogated the State of New Mexico's immunity or that the State of New Mexico has waived its immunity.

It also appears that the Court lacks jurisdiction over Plaintiff's claims for injunctive relief.  "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."  *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015).  Plaintiff, however, seeks prospective injunctive relief against *judicial officers*.

Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted)

*Catanach v. Thomson*, 718 Fed.Appx. 595, 597, 599-600 (10th Cir. 2017) (emphasis added). There are no allegations that Defendants violated a declaratory decree or that declaratory relief was unavailable.

It also appears that Plaintiff's claims against the individual Defendants in their individual capacities for damages are barred by judicial immunity.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the

actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).  Plaintiff has not alleged sufficient facts showing that the individual Defendants acted in the complete absence of all jurisdiction.

The Second Amended Complaint fails to state a claim against the individual Defendants pursuant to Title II because "Title II does not create individual liability."  *Brooks v. Colo. Dept. of Corrections*, 715 Fed.Appx. 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)); *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 441-442 (S.D.N.Y. 2004) ("Individuals cannot be named as defendants in ADA suits in either their official or representative capacities . . . because Title II provides disabled individuals redress for discrimination by a *public entity,* which, as it is defined in the statute, does not include individuals).

The Court notified Plaintiff that the amended complaint must comply with the Local and Federal Rules of Civil Procedure and quoted Rule 10(b) of the Federal Rules of Civil Procedure which states: "A party must state its claims or defenses in numbered paragraphs."  Order for Amended Complaint at 2.  The Second Amended Complaint does not state Plaintiff's claims in numbered paragraphs and does not clearly state the relief Plaintiff seeks from each Defendant as required by Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(b)(1)(B) requires the

Defendants to admit or deny the allegations in the operative Complaint; Defendants cannot do so if the allegations are not numbered.

The Court orders Plaintiff to show cause why the Court should not dismiss her claims for the reasons stated above and to file a third amended complaint. Plaintiff's response to this Order must cite legal authority in support of all legal arguments Plaintiff asserts. The third amended complaint shall not contain legal arguments and must comply with the Federal and Local Rules of Civil Procedure. The allegations in the third amended complaint must be numbered and the third amended complaint must clearly identify the relief Plaintiff seeks against each Defendant. Failure to comply with this Order and the Federal and Local Rules of Civil Procedure may result in dismissal of this case.

**Notice Regarding Emergency Motion for Stay**

Plaintiff moves for a stay or preliminary injunction "barring the application of the so-called orders by [Defendant] Emilio Chavez." Emergency Motion for Stay at 1. The Court notifies Plaintiff that it cannot grant the Emergency Motion at this time. As discussed above, it appears the Court lacks jurisdiction over Plaintiff's claims for injunctive relief over Defendant Chavez because he is a judicial officer and Section 1983 expressly disallows injunctive relief against a judicial officer for acts or omissions taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Furthermore, it appears the relief Plaintiff seeks in her Emergency Motion is barred by the Anti-Injunction Act.

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016).  Plaintiff has not shown that any of the three exceptions apply to this case.

Plaintiff does not cite any legal authority in support of her Emergency Motion as required by the District of New Mexico's Local Rules.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

Plaintiff attached several documents to her Emergency Motion and stated she "will allow the so-called orders by Chavez, and the chief clerk's emails, to illustrate the situation." Emergency Motion for Stay at 2.   Several of the attached documents are state-court orders and emails, none of which are marked showing the portions of each document that Plaintiff wishes to bring to this Court's attention.  *See* Emergency Motion for Stay at 3-20, 37-41; D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked").  The Court will not comb through unmarked exhibits to make Plaintiff's arguments for her.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants;" "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").  The attached documents that Plaintiff has marked are documents Plaintiff has filed in state court with the marked portions stating:

> Judge Steven Romero is utterly unqualified to be a judge.  He was apparently appointed solely for being a Hispanic male, in a state run *by* Hispanics, *for* Hispanic.  Romero has no civil experience whatsoever, and has no knowledge of civil procedure.
> . . . .
> Evidently, Judge Kennelly is a fan of windchimes and she probably tortures her own neighbors with noisy fucking windchimes.
> . . . .

Chavez is a criminal whom the State of New Mexico rewarded by appointing him a judge, because Hispanic culture in New Mexico admires and rewards corruption.
. . . .
The 8th district court is a fucking joke.
. . . .
[Defendant Judge Emilio Chavez is a] Lawless tyrant
. . . .
New Mexico is a piece of shit third world state that does not deserve to be part of the United States.
. . . .
New Mexico is not a real state and the court system is a joke.

Emergency Motion for Stay at 21-36 (emphasis in original).  Plaintiff's disparaging comments do not demonstrate that she is entitled to the requested injunctive relief.

Plaintiff may file an amended motion for injunctive relief.  The amended motion must cite legal authority in support of Plaintiff's arguments.  While Plaintiff may attach exhibits with the portions she wishes to bring to the Court's attention marked, Plaintiff must articulate her arguments in the amended motion; the Court will not construct arguments from the marked portions of the exhibits.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file a third amended complaint. The Court will address service after the Order to Show Cause is resolved.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 9, filed June 9, 2025, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file a third amended complaint that

states its allegations and claims in numbered paragraphs.  Failure to timely show

cause and file a third amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge