IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                          No. 1:25-cv-00409-SMD-LF

EMILIO CHAVEZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a one-page Complaint that stated in its entirety:

> Plaintiff Geneva Langworthy brings this civil cause of action against Emilio Chavez for racial discrimination, disability discrimination and violation of her right of access to the courts. In January, 2025, Emilio Chavez sent Ms. Langworth a letter denying her right to file in the 8th District Court, without an attorney. The fake order is not appealable because it was not issued in any court case.

Doc. 1 at 1, filed April 30, 2025 (emphasis in original).

United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint failed to state a claim and ordered Plaintiff to file an amended complaint. *See* Order for Amended Complaint at 2, Doc. 5, filed May 2, 2025. Judge Fashing also ordered:

> The amended complaint must comply with the Local and Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

Order for Amended Complaint at 2.

Plaintiff subsequently filed an Amended Complaint, Doc. 6, filed May 20, 2025, and a Second Amended Complaint, Doc. 10, filed June 9, 2025. Neither the Amended Complaint nor the Second Amended Complaint stated Plaintiff's claims in numbered paragraphs. The Second Amended Complaint asserted civil rights claims and claims pursuant to the Americans with Disabilities Act based on Defendants allegedly denying Plaintiff access to state court. Defendants are the Eighth Judicial District Court and judges and clerks of the state court. *See* Second Amended

Complaint at 1. Plaintiff sought damages for violations and appeared to also seek prospective injunctive relief. *See* Second Amended Complaint at 10, 15.

Judge Fashing notified Plaintiff of the following deficiencies in the Second Amended Complaint:

(i) It appears the Court lacks jurisdiction to hear claims for damages against the Eighth Judicial District Court, which is an arm of the State of New Mexico, and the individual Defendants in their official capacities as judicial officers due to the State's Eleventh Amendment immunity.

(ii) It also appears that the Court lacks jurisdiction over Plaintiff's claims for injunctive relief because Plaintiff seeks prospective injunctive relief against judicial officers. Section 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable there are no allegations that Defendants violated a declaratory decree or that declaratory relief was unavailable.

(iii) It also appears that Plaintiff's claims against the individual Defendants in their individual capacities for damages are barred by judicial immunity because Plaintiff has not alleged sufficient facts showing that the individual Defendants acted in the complete absence of all jurisdiction.

(iv) The Second Amended Complaint fails to state a claim against the individual Defendants pursuant to Title II of the Americans with Disabilities Act ("ADA") because Title II does not create individual liability.

Order to Show Cause, Doc. 12, filed June 13, 2025. Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss her claims for the reasons stated above and to file a third amended complaint stating:

> The Second Amended Complaint does not state Plaintiff's claims in numbered paragraphs and does not clearly state the relief Plaintiff seeks from each Defendant as required by Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(B) requires the Defendants to admit or deny the allegations in the operative Complaint; Defendants cannot do so if the allegations are not numbered.
>
> Plaintiff's response to this Order must cite legal authority in support of all legal arguments Plaintiff asserts. The third amended complaint shall not contain legal arguments and must comply with the Federal and Local Rules of Civil Procedure. The allegations in the third amended complaint must be numbered and the third amended complaint must clearly identify the relief Plaintiff seeks against each Defendant. Failure to comply with this Order and the Federal and Local Rules of Civil Procedure may result in dismissal of this case.

Order to Show Cause at 4-5.

Plaintiff filed a Third Amended Complaint but did not file a separate response citing authority in support of her legal arguments; Plaintiff included legal arguments in her Third Amended Complaint. *See* Doc. 17, filed July 28, 2025. Plaintiff did not number the allegations in the Third Amended Complaint. Plaintiff also filed a motion "for preliminary relief in the form of a stay, or of a preliminary injunction, barring the application of the so-called orders by Emilio Chavez." Plaintiff's Emergency Motion for Stay or Preliminary Injunction at 1, Doc. 11, filed June 9, 2025.

The Court dismisses this case without prejudice because Plaintiff did not comply with Judge Fashing's Order to number the allegations in the Third Amended Complaint. Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendants resulting from dismissal of this case because Defendants have not been served. Plaintiff's failure to number the allegations in the Third Amended Complaint interferes with the judicial process. Rule 8(b)(1)(B) requires the Defendants to admit or deny the allegations in the Third Amended Complaint; Defendants cannot do so if the allegations are not numbered  The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective because despite Judge Fashing notifying Plaintiff two times that her complaints must comply with the Federal and Local Rules of Civil Procedure, that the allegations must be numbered and that failure to Court Orders may result in dismissal of this case, Plaintiff did not comply with Judge Fashing's Order to number the allegations in the Third Amended Complaint. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage.

4

The Court denies Plaintiff's Emergency Motion for Stay or Preliminary Injunction because the Court is dismissing this case. Furthermore,

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Plaintiff has not shown that any of the exceptions to the Anti-Injunction Act apply in this case. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Emergency Motion for Stay or Preliminary Injunction, Doc. 11, filed June 9, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**

5