IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                      No. 1:25-cv-00409-SMD-LF

EMILIO CHAVEZ, et al.,

    Defendants.

## ORDER OF DENYING MOTION TO REOPEN CASE AND FOR NEW JUDGE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Re-Open Case and for Change of Judge, Doc. 26, filed December 19, 2025 ("Motion").

The Court dismissed this case without prejudice and entered its Final Judgment on October 20, 2025. *See* Order of Dismissal at 2-3, Doc. 20 (noting that: (i) Judge Fashing entered two orders notifying Plaintiff that the allegations in amended complaints must be numbered; (ii) Judge Fashing notified Plaintiff that failure to comply with the orders and the Federal and Local Rules of Civil Procedure may result in dismissal of this case; and (iii) Plaintiff failed to comply with both orders); Final Judgment, Doc. 21. Plaintiff filed a Notice of Appeal on October 22, 2025. *See* Doc. 22. The United States Court of Appeals for the Tenth Circuit dismissed the appeal for failure to prosecute and entered its mandate on January 8, 2026. *See* Doc. 27, filed January 8, 2026.

Plaintiff states this case "must be reopened because it is the only means for the restoration of [Plaintiff's] constitutional rights" and a "different judge (not appointed by any Democrat regime) must be assigned." Motion at 4.

The Court denies Plaintiff's Motion to reopen this case. Rule 60 provides in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added). The Court construes Plaintiffs' Motion to Reopen as seeking relief pursuant to Rule 60(b)(6). "Rule 60(b)(6) relief is ... appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005); *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018) ("A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances"); *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1215-16 (10th Cir. 2023) ("the party requesting relief from judgment bears the burden of showing that relief is warranted") (citing *Horne v. Flores*, 557 U.S. 433, 447, 129 S.Ct. 2579, 174 L.Ed.2d 406 (2009). Plaintiff has not met her burden of showing that reopening this case is warranted. The dismissal was without prejudice after Plaintiff failed to comply with Court orders and the Federal Rules of Civil Procedure and after Judge Fashing notified Plaintiff that failure to comply may result in dismissal of this case. Plaintiff appealed the dismissal but failed to prosecute her appeal.

The Court denies Plaintiff's Motion for a new Judge. Section 455 provides:

> (a)    Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)    He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a and b(1)).

Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

3

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

Plaintiff has not set forth any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Plaintiff's unsubstantiated statements that the undersigned "went to UNM School of Law, which is not a real law school, like New Mexico is not really part of the United States," "Judges who went to UNM routinely violate the Constitution as if it doesn't even exist" and the undersigned "is a Democrat operative who refuses to recognize [Plaintiff's] constitutional rights because [Plaintiff] is white, disabled, and a Patriot" are not sufficient to warrant disqualification. *See Martinez*, 92 F.4th at 1255 ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom . . . the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue").

**IT IS ORDERED** that Plaintiff's Motion to Re-Open Case and for Change of Judge, Doc. 26, filed December 19, 2025, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**